IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TYREKE DAVE LUMPKIN, | § | |
| | § | |
| *Plaintiff,* | § | 5:24-CV-00842-FB-RBF |
| | § | |
| vs. | § | |
| | § | |
| CREDIT HUMAN FEDERAL CREDIT | § | |
| UNION, MICHAEL SWAN, JONATHAN | § | |
| VILLAREAL, DIANA ISTRE, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants Michael Swan, Jonathan Villareal, and Diana Istre's (the "Individual Defendants") Motion to Dismiss, Dkt. No. 9, and Defendant Credit Human Federal Credit Union's ("Credit Human") Motion to Dismiss, Dkt. No. 10. All pretrial matters in this action been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, the Individual Defendants' Motion to Dismiss, Dkt. No. 9, should be **GRANTED** and Defendant Credit Human Federal Credit Union's Partial Motion to Dismiss, Dkt. No. 10, should be **GRANTED IN PART** and **DENIED IN PART**. Further, the stay in this case is **LIFTED**.

## Factual and Procedural Background

Plaintiff Tyreke Lumpkin began working at Defendant Credit Human on May 30, 2023. Dkt. No. 33 (Am. Compl.) at 3. On July 12, 2023, Plaintiff was terminated due to "cultural mismatch." *Id.* at 4. On April 18, 2024, Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission (EEOC), alleging discrimination, harassment, and retaliatory termination based on his race and religion, in violation of Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 7 (Compl.) at 2.

After receiving a right to sue letter from the EEOC, *see* Compl., Ex. 5 at 1, Plaintiff filed, on July 31, 2024, this action against Credit Human and three individual Credit Human employees. *See* Dkt. No. 1 (Plaintiff's Motion to Proceed *in Forma Pauperis*); Compl.

On October 28, 2024, the Individual Defendants filed a Motion to Dismiss, Dkt. No. 9, and Credit Human filed a Partial Motion to Dismiss, Dkt. No. 10. On December 5, 2024, the Court granted Plaintiff additional time to respond to the motions. *See* Dkt. No. 22. Rather than file responses, Plaintiff moved for leave to amend his complaint. *See* Dkt. Nos. 30, 33. The Court granted leave, *see* Dkt. No. 53, and Plaintiff's Amended Complaint, Dkt. No. 68, was docketed. The Court deemed the motions to dismiss refiled in response to Plaintiff's Amended Complaint. *See* Dkt. No. 53.

Plaintiff alleges "wrongful termination due to retaliation, discrimination, harassment, and failure to accommodate medical needs" under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). Am. Compl. at 1. Plaintiff alleges unlawful discrimination based on his race ("Black"), religion ("Muslim"), and "medical condition." *Id.* at 5. Construing Plaintiff's pro se complaint generously, the allegations regarding a "medical

condition" appear to refer to a disability, as he references a medical condition in relation to claims invoking the ADA. This may be his alleged "sleep problem," referenced in his original Complaint, *see* Compl. at 2, or some other ailment. All of Plaintiff's claims appear to be raised against all Defendants. In sum, the live complaint raises three claims under the ADA for harassment/hostile work environment, failure to accommodate, and retaliation and three claims under Title VII for discrimination based on his religion and race, harassment/hostile work environment based on religion and race, and retaliation.

After an Initial Pretrial Conference on January 31, 2025, at which all parties were in attendance, the Court in its discretion stayed the case pending resolution of the motions to dismiss. *See* Dkt. No. 53.

## Analysis

Rule 12(b)(6) allows a party to move for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In reviewing the motion, the Court must and will "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation marks omitted). The Court, however, need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court does not consider evidence outside the pleadings and documents attached to them, except for documents that are attached to a motion to dismiss or response that are referred to in the live complaint and are central to it. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). Although Plaintiff's original EEOC Charge of Discrimination and accompanying documentation are not attached to Plaintiff's Amended Complaint, the Court considers them here. These documents are undoubtedly central to Plaintiff's claims in the Amended Complaint, were attached to Plaintiff's original Complaint, and are referenced numerous times in Defendants' motions to dismiss. *See* Compl. at 2 (alleging that Plaintiff filed charges against the EEOC and received a subsequent notice of right to sue); Compl., Ex. 4 (Plaintiff's original EEOC Charge of Discrimination ("EEOC Charge")).[1] Declining to consider them would mean Plaintiff lacks a necessary prerequisite to suit. The Court therefore considers them and assumes their absence from the Amended Complaint was an inadvertent clerical oversight by Plaintiff.

**A.    Title VII and the ADA Do Not Contemplate Liability Against Individual Defendants.**

Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person" and an employee as "an individual employed by an employer." 42 U.S.C.A. § 2000e(b) & (f). The ADA definitions for an employer and employee are the same as those in Title VII. *See* 42 U.S.C.A. § 12111(4) & (5).

---

[1] *See also Smith v. McDonough*, No. SA-22-CV-01383-JKP, 2023 WL 5918322, at *3 (W.D. Tex. Sept. 8, 2023) (taking judicial notice of VA EEO and EEOC administrative records as public reports where such records were attached to a motion to dismiss, incorporated by the plaintiff, and no party objected to the Court's consideration of such records); *Hartman v. Walker*, Civ. A. No. 1:13-CV-355, 2015 WL 5470261, at *25 n.10 (E.D. Tex. Sept. 16, 2025) (considering a document that was attached to an original complaint but not a second amended complaint where it was submitted by the plaintiff in response to a motion to dismiss and central to plaintiff's complaint, despite the document no longer being technically part of the pleadings).

For this issue, the Fifth Circuit applies the same analytical approach to Title VII and ADA claims. *See Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 233-34 (5th Cir. 2001).

Plaintiff's Amended Complaint identifies the Individual Defendants as employees of Defendant Credit Human, or, in other words, Credit Human's agents. *See* Am. Compl. at 2 ("Defendant Michael Swan was employed by Credit Human as a supervisor . . . . Defendant Dianna Istre was Plaintiff's direct supervisor . . . . Defendant Jonathan Villareal was a facilitator in the investigation into Plaintiff's claims[.]"). Plaintiff's "Claims for Relief," do not differentiate which claims he brings against which Defendants and the Court therefore, in an abundance of caution, considers all claims as though they are brought against all Defendants. *See* Am. Compl. at 5.

Necessarily, however, Plaintiff cannot bring the same claims against both the Individual Defendants and their employer, Credit Human. In the Fifth Circuit's words, "a Title VII suit against an employee is actually a suit against the corporation. . . . [A] party may not maintain a suit against both an employer and its agent under Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).

Further, Plaintiff does not bring any additional claims for relief against any of the Individual Defendants alone, such that he may be alleging any of the Individual Defendants hold personal liability, outside the confines of their employment, for the events at the center of his case. Defendants' Motion to Dismiss, Dkt. No. 9, should therefore be granted on this issue, and Defendants Michael Swan, Diana Istre, and Jonathan Villarreal should be dismissed from the case.

**B.     Plaintiff's Claims Against Credit Human for Harassment Based on Disability, Failure to Accommodate, and Retaliation Under the ADA Are Time-Barred.**

To sue for disability discrimination at a place of employment under the ADA, plaintiffs must first file a complaint with the EEOC and receive a final agency decision accompanied by a right-to-sue letter. 42 U.S.C. § 12117(a) and § 2000e-5(f); *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002). The complaint, or charge, must be filed with the EEOC within 180 days after the alleged unlawful employment practice, or within 300 days if the complainant filed a complaint with a state or local agency. *See* 42 U.S.C. § 2000e-5(e). The Court "interprets what is properly embraced in review of a Title-VII claim [and therefore an ADA claim] somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (internal quotation removed).

To plead a *prima facie* case of harassment due to disability, Plaintiff must allege that (1) he belongs to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that his employer knew or should have known of the harassment and failed to take prompt, remedial action. *See Flowers*, 247 F.3d at 235-36. Plaintiff's failure-to-accommodate claim requires allegations that "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. La., Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Finally, Plaintiff's wrongful-termination-in-retaliation-for-reporting-disability-discrimination claim requires pleading, "(1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between

6

the protected act and the adverse action." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588 (5th Cir. 2020).

        1.    *Plaintiff failed to administratively exhaust his ADA claims.* Plaintiff's Amended Complaint includes claims that he was subject to harassment and a hostile work environment due to a "medical condition," that Credit Human "failed to provide reasonable accommodations for his medical condition," and that he was wrongfully terminated for engaging in protected activity under the ADA. Am. Compl. at 5. The Amended Complaint also includes the following factual allegations pertinent to these claims:

- "Medical Emergency: On June 30, 2023, Plaintiff informed his supervisors . . . of a medical emergency and a psychiatric condition, but the response was dismissive and the incident was not properly documented." *Id.* at 3.

- "Retaliation After Complaints: Following Plaintiff's complaints regarding discriminatory conduct, Plaintiff was subjected to retaliatory actions . . . ." *Id.*

- "Failure to Accommodate: Plaintiff, who adheres to a vegetarian diet, was not provided proper accommodations at work events. Despite his prior request for vegetarian options, management failed to provide such accommodations and openly admitted to forgetting. Dianna Istre and others ignored these requests, creating a hostile work environment." *Id.* at 4.

- "Plaintiff's termination came shortly after he raised concerns about workplace discrimination and harassment. Plaintiff alleges that his termination was a direct result of retaliation for engaging in protected activity." *Id.*

- "Plaintiff alleges that his termination was in violation of the anti-retaliation provision[] under . . . the ADA, as Plaintiff was fired for engaging in protected activity by raising concerns about discrimination, harassment, and failure to accommodate his medical condition." *Id.* at 5.

Plaintiff's EEOC Charge, however, includes none of this information as to claims under the ADA. His EEOC Charge includes no alleged facts in support of a contention that he faced harassment due to, or was not accommodated for, any disability. Nor does the Charge reference

the events described above such that Plaintiff's ADA claims would have reasonably grown out of the EEOC's investigation.

Attached to Plaintiff's Original Complaint is also a Memorandum from Plaintiff to the EEOC. *See* Orig. Compl., Ex. 3. It includes additional allegations not featured in Plaintiff's EEOC Charge and is dated December 25, 2023. Relevantly, the Memorandum alleges that Plaintiff was "Fired Due to Medical Emergency," and states that Plaintiff's Credit Human personnel file noted that Plaintiff departed early one day "with a medical emergency," but Plaintiff alleges he informed his supervisor "of [his] visits to the psychiatrist." *Id.* Not only do these factual allegations differ from, and are not inclusive of, all the facts alleged in Plaintiff's Amended Complaint, it is also unclear whether the Memorandum was considered by or even received by the EEOC.

The Fifth Circuit considered an EEOC intake questionnaire, in which a complainant stated he had "requested changes or assistance because of his disability" but was brushed off by his employer, part of the formal, filed charge, such that the complainant's "failure to accommodate claim could reasonably be expected . . . to grow out of his charge of discrimination." *Patton v. Jacobs Engineering Grp., Inc.*, 874 F.3d 437, 434-44 (5th Cir. 2017). The intake questionnaire in *Patton* was filed *together* with formal charge of discrimination. *Id.* at 434. In *Ernst v. Methodist Hosp. Sys.*, however, the Fifth Circuit declined to consider the intake questionnaire part of the formal, filed charge where the questionnaire was not signed and verified, and there was no dispute that the employer had never received notice of the questionnaire. 1 F.4th 333, 338-39 (5th Cir. 2021). Plaintiff's Memorandum, which does not appear to be a response to an EEOC investigative inquiry or to ever have been received by Credit Human, is not alike in quality to an intake questionnaire. Moreover, the Memorandum does not

appear to have been filed together with Plaintiff's formal charge, as the latter was filed several months after the Memorandum's date. *See* Compl. at 2 (alleging the EEOC complaint was filed on or about April 18, 2024). The Memorandum, therefore, does not support a plausible inference that Plaintiff's disability claims could reasonably be expected to grow out of his EEOC Charge.

Plaintiff did not bring his ADA claims for harassment, failure to accommodate, or retaliation before the EEOC within the timeframe required under the statute. He has therefore not administratively exhausted such claims, and they are not properly before the Court and should be dismissed.

2.    *Even if Plaintiff's ADA claims could reasonably be expected to grow out of his EEOC Charge, those claims are not plausibly alleged.* Disability-based harassment and failure-to-accommodate claims require allegations that a plaintiff has a disability. The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual[.]" 42 U.S.C. § 12102(a). Plaintiff's Amended Complaint contains only vague, ultimately insufficient references to (1) a "medical condition" (which may or may not be the "psychiatric condition" mentioned once) and (2) a dietary preference ("Plaintiff, who adheres to a vegetarian diet, was not provided proper accommodations at work events."). *See* Am. Compl. at 3-5. And even if still considered part of Plaintiff's live pleadings, a vague allegation in the original pleading of a "sleep problem" is likewise not enough to plausibly plead a disability. *See* Compl. at 3. Plaintiff's allegations give no indication that he has an impairment that substantially limits his major life activities. Plaintiff therefore fails to plausibly allege even the first element of either harassment or failure-to-accommodate claims under the ADA. Plaintiff's Amended Complaint, further, does not include allegations that Plaintiff participated in an activity protected under the ADA. While Plaintiff does allege generally that he

raised concerns about workplace discrimination and harassment, *see* Am. Compl. at 4, these vague allegations alone are not enough to plausibly plead a claim for retaliation under the ADA. Plaintiff's claims under the ADA should therefore be dismissed for failure to state a claim for relief as well as failure to exhaust.

### C.    Plaintiff's Claim Against Credit Human for Retaliation Under Title VII Is Adequately Pleaded.

A *prima facie* claim for retaliation under Title VII requires a plaintiff to show that (1) he participated in an activity protected by Title VII, (2) his employer took an adverse employment action against him, and (3) a causal connection exists between the protected activity and the materially adverse action. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). Under Title VII, protected activity can be either opposing an unlawful employment practice or charging, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the statute. *See* 42 U.S.C. § 2000e-3(a); *see also Cuellar v. Sw. Gen. Emergency Physicians, P.L.L.C.*, 656 Fed. Appx. 707, 709 (5th Cir. 2016) (per curiam) (referring to the two clauses as the "opposition clause" and the "participation clause").

Plaintiff's Amended Complaint includes the following allegations pertinent to his Title VII retaliation claim:

- "During a conversation with a colleague, Elijah, he inquired about Plaintiff's religion, and made discriminatory remarks regarding the intersection of Black Americans, Islam, and incarceration. When Plaintiff raised concerns to Dianna Istre, Istre misinterpreted the situation and warned Plaintiff about separation of church and state but failed to take appropriate action." Am. Compl. at 3.

- "Following Plaintiff's complaints regarding discriminatory conduct, Plaintiff was subjected to retaliatory actions, including exclusion from decision-making, criticism of his performance that was inconsistent with his actual work, and ultimately wrongful termination." *Id.*

- "Plaintiff was subjected to continuous harassment, including discriminatory behavior by Joanna and Abby, who mocked Plaintiff's race

and exhibited unwarranted hostility. Plaintiff reported this behavior to his trainers, but no corrective action was taken." *Id.* at 3-4.

- "Plaintiff's termination came shortly after he raised concerns about workplace discrimination and harassment. Plaintiff alleges that his termination was a direct result of retaliation for engaging in protected activity." *Id.* at 4.

- "Plaintiff alleges that his termination was in violation of the anti-retaliation provision[] under Title VII . . . , as Plaintiff was fired for engaging in protected activity by raising concerns about discrimination [and] harassment[.]" *Id.* at 5.

The Court agrees with Defendant Credit Human that it is clear from Plaintiff's Amended Complaint that the "participation clause" of protective activity is inapplicable here. *See* Dkt. No. 10 at 10. Plaintiff clearly alleges that retaliatory action took place *prior* to his participation in an investigation, proceeding, or hearing under Title VII.

Plaintiff's Amended Complaint, filed after Credit Human's Motion to Dismiss, Dkt. No. 10, corrects the deficiencies raised in the motion as to Plaintiff's Title VII retaliation claim.[2] Plaintiff, in more than a merely conclusory way, alleges that he engaged in a protected activity, that his employer took an adverse employment action against him, and that a causal connection exists between his protected activity and the adverse employment action. Credit Human's motion should therefore be denied as to Plaintiff's Title VII retaliation claim.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that the Individual Defendants' Motion to Dismiss, Dkt. No. 9, be **GRANTED** and Defendant Credit Human's Partial Motion to

---

[2] Indeed, the Court notes that Defendants' First Amended Response to Plaintiff's Motion for Leave to Amend Complaint, in which Defendants oppose the filing of Plaintiff's Amended Complaint, Defendants do not argue that Plaintiff's attempt to amend his Title VII retaliation claim would be futile. *See* Dkt. No. 36 at 4-5. Defendants did, however, argue that Plaintiff's proposed Amended Complaint would not correct the other deficiencies in his original Complaint. *Id.* Defendants are proven correct here.

Dismiss, Dkt. No. 10, be **GRANTED IN PART**, as to Plaintiff's ADA claims, and **DENIED IN PART**, as to Plaintiff's Title VII retaliation claim. Plaintiff's remaining claims are for discrimination based on his religion and race, harassment/hostile work environment due to his religion and race, and retaliation under Title VII.

 IT IS FURTHER ORDERED that the stay in this case is **LIFTED**, and this case is **RE-OPENED**.

### Instructions for Service and Notice of Right to Object/Appeal

 The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in

12

this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 25th day of August, 2025.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE